# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeals of -- | ) | |
| | ) | |
| Lockheed Martin Services, Inc. | ) | ASBCA Nos. 58028, 58794 |
| | ) | |
| Under Contract No. MDA220-01-D-0002 | ) | |

APPEARANCE FOR THE APPELLANT: Joseph J. Dyer, Esq.
Seyfarth Shaw, LLP
Washington, DC

APPEARANCES FOR THE GOVERNMENT: Regina M. DelaRosa, Esq.
April M. Beck, Esq.
Trial Attorneys
Defense Finance & Accounting Service
Indianapolis, IN

## OPINION BY ADMINISTRATIVE JUDGE CLARKE ON THE GOVERNMENT'S MOTION FOR RECONSIDERATION

The Defense Finance & Accounting Service (DFAS) timely moves for reconsideration of our 8 December 2015 decision in *Lockheed Martin Services, Inc.*, ASBCA Nos. 58028, 58794, 16-1 BCA ¶ 36,187, wherein we sustained Lockheed Martin Services, Inc.'s (LMSI's) appeals. The appeals involved LMSI's claim for payment for a license fee related to DFAS' use of LMSI developed software in performance of the Military Retired and Annuitant Pay Operations contract. We awarded LMSI $1,140,462.56. We deny the motion.

*Reconsideration*

We discussed the standard for reconsideration in *DODS, Inc.*, ASBCA No. 57667, 13 BCA ¶ 35,203 at 172,711, stating that "[t]o prevail on reconsideration, the moving party must generally establish that the underlying decision contained mistakes in our findings of facts or errors of law or that newly discovered evidence warrants vacating our decision."

## DISCUSSION

DFAS first contends that the Board made a mistake of fact, "Respondent respectfully offers that the Board mistakenly found DRAS and MIRORS to be the same system, when they are two different systems" (gov't mot. at 1). DFAS points to Finding 5 of the decision as evidence of this mistake. In Finding 5 we stated, "Prior to Contract 0002 DFAS performed the DRAS function itself using government-owned hardware and software known collectively as the Mail Imaging Routing and Optical Reporting System, 'MIRORS.'"

DFAS contends that "MIRORS is a separate system that was used to scan incoming mail and route it to the technicians" (gov't mot. at 2-3). We agree that Finding 5 confuses the roles of MIRORS and DRAS. However, LMSI points out that MIRORS is not a "different" or "separate" system, MIRORS is part of DRAS (app. resp. at 5). We agree that MIRORS works in conjunction with DRAS; this is made abundantly clear in contract section J.4.6., "LIST OF PROPERTIES, FACILITIES, MATERIALS AND SERVICES OFFERED BY THE GOVERNMENT," that lists Government Furnished Property (GFP) and identifies MIRORS and the DRAS Automated Information System (AIS) as GFP (*Lockheed Martin*, 16-1 BCA ¶ 36,187 at 176,552, 559; R4, DVD-A, tab C-0002 at PDF 109-110; gov't mot. at 6). In any event, even accepting DFAS' argument that we confused DRAS with MIRORS in Finding 5, a mistake of fact, DFAS fails to persuasively explain how our confusion affects the Board's contract interpretation, a question of law. This also holds true for DFAS' other arguments on pages 2 and 3 of its motion. This particular mistake of fact is a harmless mischaracterization that does not warrant modifying our decision.

Next DFAS contends that the Board erred in finding that MIRORS was not Government–Furnished Equipment (GFE) (gov't mot. at 4-9). The underpinning for this argument is twofold. First the mistake of fact discussed above and second, that "there was a meeting of the minds between the parties to the contract that MIRORS was GFE" (gov't mot. at 4). There was no consideration of this second argument in our decision because it was not raised by DFAS previously. Normally we might determine that having failed to raise the "meeting of the minds" argument previously, it is too late to raise it now. *Avant Assessment, LLC*. ASBCA No. 58867. 15-1 BCA ¶ 36,137 at 176,386 ("Motions for reconsideration do not afford litigants the opportunity to take a 'second bite at the apple' or to advance arguments that properly should have been presented in an earlier proceeding."). However, we agree with DFAS that since the Board's decision was based on logic neither party argued in their briefs (gov't reply br. at ¶ 1) we should exercise discretion and consider DFAS' argument. DFAS' "meeting of the minds" argument primarily relies upon inferences from documents in the record (gov't br. at 4-5; gov't reply br. at ¶ 5). Not only is there no direct evidence of this "meeting of the minds," LMSI contests it in its responses (app. resp. at 7; app. sur-resp. at 3). Even if there were some evidence of a "meeting of the minds," it would be extrinsic evidence. As we stated above, contract section J.4.6., "LIST OF PROPERTIES, FACILITIES, MATERIALS AND SERVICES OFFERED BY THE GOVERNMENT," identifies MIRORS as GFP. *Lockheed Martin*, 16-1 BCA ¶ 36,187 at 176,552, 559; R4, DVD-A, tab C-0002 at PDF 109-110; gov't br. at 6). Section J.4.6. is clear and unambiguous. Therefore, even if extrinsic evidence existed, it would be inadmissible. *Teg-Paradigm Environmental, Inc. v. U.S.*, 465 F.3d 1329 at 1338 (Fed. Cir. 2006) (When the contract's language is unambiguous it must be given its "plain and ordinary" meaning and the court may not look to extrinsic evidence to interpret its provisions.). We included the alternative interpretation in our decision only to show that the other clauses in the contract were consistent with Section J.4.6. *Lockheed Martin*, 16-1 BCA ¶ 36,187 at 176,559-560. We have considered DFAS' arguments in its motion and reply and find them unpersuasive; MIRORS is not GFE.

In pages 9 to 12 of its motion, DFAS makes an alternative argument assuming that MIRORS is not GFE. DFAS supports this argument with its initial position that MIRORS is not DRAS. Based on this contention, DFAS argues that section H-8 and PWS 8.0 do not apply to MIRORS (gov't mot. at 9). We dealt with this earlier; MIRORS works in conjunction with DRAS and these clauses apply to MIRORS. Even if they didn't, the clear and unambiguous identification of MIRORS as GFP ends the discussion.

Finally, DFAS contends that the Board made errors in its calculation of quantum (gov't mot. at 13). DFAS relies on the DCAA audit that we considered in our decision. *Lockheed Martin*, 16-1 BCA ¶ 36,187 at 176,562. DFAS presents no new evidence to persuade us that our decision was in error. As we explained in our decision, we were satisfied that LMSI incurred unrecovered costs to develop RAPID that exceeded the $1,140,462.56 unpaid difference between the $2.6 million cap and the amount paid by Modification No. P00089. *Id.*

## CONCLUSION

For the reasons stated above, DFAS' motion for reconsideration is denied.

Dated: 25 April 2016

CRAIG S. CLARKE
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 58028, 58794, Appeals of Lockheed Martin Services, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
